Sharon C. Collier (Bar No. 203450)
scc@severson.com
Jordan M. Meeks (Bar No. 311937)
jmm@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANIA CANAVATI, et al.,<br><br>  Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>  Defendants. | Case No.<br><br>[San Mateo County Superior Court Case No. 18CIV05556 – filed 8/31/2018]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]** |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION hereby removes to this Court the state court action described below:

I.  **STATUS OF PLEADINGS**

On or about August 31, 2018, plaintiff RANIA CANAVATI (hereinafter "plaintiff") filed a Complaint against COSTCO WHOLESALE CORPORATION (hereinafter "Costco") in the San Mateo County Superior Court of California, entitled RANIA CANAVATI v. COSTCO WHOLESALE CORPORATION and DOES 1-20, inclusive, Case No. 18CIV04556 (hereinafter the "Complaint"). The Complaint alleges a single cause of action for premises liability. Costco was served with the Summons and a copy of the Complaint on or about October 31, 2018. (A true and correct copy of the Summons and Complaint is attached to the Declaration of Sharon C.

Collier ("Collier Dec.") as **Exhibit A**).

Plaintiff alleges that on or about June 4, 2016 she was patronizing the Costco store located at 451 S. Airport Boulevard, in South San Francisco, California. (*Ibid*). At approximately 1:30 p.m., she entered a refrigeration aisle near the rear of the warehouse. While there, she allegedly came in contact with a puddle of water which caused her to slip and fall, causing injuries to her back and foot. (*Ibid*). The Complaint seeks compensatory damages, including wage loss, hospital and medical expenses, general damages and loss of earning capacity. (*Ibid*).

Costco filed an Answer to plaintiff's Complaint on November 30, 2018. (Collier Dec. at ¶ 3). In the Answer, Costco asserted a general denial, as well as various affirmative defenses. (A true and correct copy of Costco's filed Answer is attached to the Sharon Dec. as **Exhibit B**).

Upon information and belief, Costco is the only named defendant which has been served to-date in this matter. (Collier Dec. at ¶ 2). Costco is not aware of plaintiff effectuating service on any other "Doe" defendants. (*Ibid.*). Since no other defendant has been named or served, no consent is required for removal. (*Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)).

Since this action was commenced in the San Mateo County Superior Court, removal to the Northern District of California is appropriate.

## II. STATEMENT OF JURISDICTION

This civil action involves parties who are citizens of different states and the amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and has the power to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

### A. Complete Diversity of Citizenship

In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship must exist between the parties. (*Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014)). Here, plaintiff and Costco are citizens of different states. Thus, diversity of citizenship exists between the parties.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.

1  (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Where the complaint does
2  not identify the plaintiff's domicile, that fact must be set forth in defendant's notice of removal.
3  (*See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th
4  Cir. 2004)).

5      Here, plaintiff is a resident of the state of California. Although plaintiff does not allege
6  her place of domicile in her Complaint, her Costco membership records indicate that she is a
7  resident of San Mateo County. (Collier Dec. at ¶ 4). Moreover, in the "Member First Incident
8  Report" that plaintiff filled out on the day of this incident, she indicated that she is a resident of
9  San Mateo County. (A true and correct copy of the Member First Incident Report is attached to
10 the Collier Dec. as **Exhibit C**). Finally, prior to her initiation of this lawsuit, plaintiff provided
11 Costco with her medical records which indicate that she has been a resident of San Mateo county
12 since the date that this incident occurred. (Collier Dec. at ¶ 4). Accordingly, plaintiff was and is
13 a citizen of the State of California.

14     In order to ascertain the citizenship of a corporation, courts look to the state of
15 incorporation, and the state where the corporation has its principal place of business. (28 U.S.C.
16 § 1332(c)(1)). Here, Costco is a corporation formed and incorporated under the laws of the State
17 of Washington. (A true and correct copy of the Certificate of Incorporation evidencing that
18 Costco is a corporation formed in the State of Washington is attached to the Collier Dec. as
19 **Exhibit D**). Moreover, Costco is headquartered and maintains its principal place of business at
20 999 Lake Drive, Issaquah, Washington 98207. (A true and correct copy of Costco's registration
21 with the California Secretary of State evidencing that Costco maintains its headquarters and
22 principal place of business in the State of Washington is attached to the Collier Dec. as
23 **Exhibit E**). Accordingly, Costco was and is a citizen of the State of Washington.

24     As such, diversity-of-citizenship exists between the parties.

25     **B.**    <u>**No Resident Defendants**</u>

26     Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of
27 diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is
28 brought." In this case, plaintiff resides in California. The only named and served defendant,

Costco, is a citizen of the State of Washington. To Costco's knowledge, plaintiff has not effectuated service on any other "Doe" defendants. (Collier Dec. at ¶ 2). Thus, complete diversity exists because no defendant resides in the State of California.

### C. Amount in Controversy

Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. When a plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied)). In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005)). Courts also consider "other papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013) (demand letter qualified as "other paper")). The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.*, 627 F.3d. 395, 400 (9th Cir. 2010)).

The Ninth Circuit has held that a document reflecting a settlement demand in excess of the jurisdictional minimum constitutes an "other paper" under 28 U.S.C. § 1446(b)(3) sufficient to provide notice of the amount in controversy . (*See Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). This is because "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (*Cohn*, 281 F.3d at 840 (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997)).

In the present case, plaintiff failed to specify a specific amount of damages in her Complaint. (See **Exhibit A** to Collier Dec.). However, prior to plaintiff's initiation of this lawsuit, plaintiff served Costco with a Settlement Demand on January 23, 2018, wherein she

detailed her medical treatment and expenses up to that point, lost wages, as well as the extensive pain and suffering she allegedly incurred. (Collier Dec. at ¶ 7). Plaintiff alleges that after her fall, she was immediately taken to the Kaiser South San Francisco Emergency room where she was diagnosed with a back strain, was given an intramuscular injection of Toradol, and was prescribed Flexeril and Motrin. *Ibid.* Over the next several months, plaintiff allegedly suffered from consistent bouts of numbness and pain in her back, neck, foot and arm. *Ibid.* She underwent numerous radiology exams, including x-rays, MRI's and CT scans, and received epidural steroid injections. *Ibid.* Ultimately, plaintiff was allegedly forced to undergo surgical intervention on her spine, and had a three level fusion performed which required the use of a bone graft, with a plate and eight titanium screws. *Ibid.*

Plaintiff has provided a summary of medical benefits paid for injuries allegedly sustained in the accident, which totals more than $100,000. (Collier Dec. at ¶ 7). She has alerted Costco Wholesale Warehouse that she is also making a substantial wage loss claim, in addition to general damages. *Ibid.* Accordingly, despite the lack of clarity in the Complaint, based on plaintiff's medical records, employment records, and potentially substantial general damages, the amount in controversy far exceeds the jurisdictional minimum.

### III. **TIMELINESS OF REMOVAL**

Pursuant 28 U.S.C. § 1446(b), if it is not clear by the initial pleading that the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of [a]...paper from which it may first be ascertained that the case is one which is or has become removable..." The 30-day time limit within which a defendant can remove an action to federal court does not begin until the defendant(s) have received notice of the facts supporting removal. (*Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089-1090).

Here, plaintiff served Costco with a Summons and a copy of the Complaint on October 31, 2018. (See **Exhibit A** to Collier Dec.). Prior to the initiation of this lawsuit, Costco had been engaged in Settlement Discussions with plaintiff's counsel, and had received a Settlement Demand on January 23, 2018, as well as various medical records. (Collier Dec. at ¶

7). The Settlement Demand alleges that plaintiff has incurred well over $100,000 in medical expenses, and is making a substantial wage loss claim. (*Ibid.*). Further, plaintiff's Costco Membership records, employment records and medical records indicate that plaintiff is a resident of San Mateo County. (Collier Dec. ¶ 4, 8). Since Costco first received notice that plaintiffs are diverse from Costco and that this matter is removable under 28 U.S.C. § 1446 prior to the initiation of this lawsuit, the 30-day timeline for removal did not begin until the date that Costco was served with a Summons and a Copy of the Complaint. Accordingly, Costco has timely and promptly filed this petition for removal.

## IV.  JOINDER OF ALL DEFENDANTS

In order to effectuate removal, all defendants must join in the notice of removal. (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988)). In this case, Costco is the only named and served defendant in the state court action, other than fictitiously named "Does." (See **Exhibit A** to Collier Dec.). Accordingly, this Notice of Removal is proper.

## V.  VENUE

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was commenced.

## VI.  NOTICE TO PLAINTIFF

Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case No. 18CIV05556 of the San Mateo County Superior Court.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the San Mateo County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

| | | |
|---|---|---|
| 1 | Dated: November 30, 2018 | SEVERSON & WERSON |
| 2 | | */s/ Sharon C. Collier* |
| 3 | | Sharon C. Collier<br>Jordan M. Meeks |
| 4 | | Attorneys for Defendant<br>COSTCO WHOLESALE CORPORATION |