UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANIA CANAVATI,<br>    Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>    Defendant. | Case No. 18-cv-07284-HSG<br><br>**ORDER GRANTING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS**<br><br>Re: Dkt. Nos. 44, 45 |

Pending before the Court is Defendant Costco Wholesale Corporation's Motion to Exclude Plaintiff Rania Canavati's Expert Witness James B. Reynolds, M.D. *See* Dkt. No. 44. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I. BACKGROUND**

On June 11, 2019, the Court issued a scheduling order setting the expert disclosure deadline as August 2, 2019, and the deadline for expert discovery and depositions as August 19, 2019. *See* Dkt. No. 24. Due to scheduling conflicts, the parties stipulated to an extension of the expert disclosure deadline from August 2 to September 1, 2019, and of the expert discovery cutoff from August 12 to September 11, 2019. *See* Dkt. No. 31. The Court granted this short extension. *See* Dkt. No. 32.

Once a schedule has been set by a court, it may modify its schedule for "good cause." *See* Fed. R. Civ. P. 16(b)(4). The parties never sought an additional extension of either the expert disclosure or expert discovery deadlines. Instead, the parties took it upon themselves to extend the expert disclosure deadline, without leave of the Court, to September 6, 2019. *See* Dkt. No. 44-1 at ¶ 2, & Ex. A; Dkt. No. 47-1, ¶ 5. Even given this deadline, Plaintiff's counsel concedes that Dr.

1 Reynolds did not examine Plaintiff until September 12, and Plaintiff did not provide his written

2 expert report to Defendant until September 18. *See* Dkt. No. 47 at 3. Defendant then filed the

3 instant motion on October 31, asking the Court for an expedited order in light of Dr. Reynolds'

4 deposition, noticed for December 3. *See* Dkt. Nos. 44, 45.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Rule 26(a)(2) provides that a party must disclose "the identity of all expert witnesses who may be used at trial to present evidence . . . at the time and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(A), (D). Rule 26 adds: "Unless as otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness . . . The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). A party who violates Rule 26 may face sanctions as specified in Rule 37.

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (explaining that Rule 37(c)(1) "gives teeth" to Rule 26(a)'s expert disclosure rules "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). The Ninth Circuit has enumerated several factors to guide district courts in determining whether the failure was substantially justified or harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

27 //

28 //

## III. ANALYSIS

In this case, both parties disregarded the Court's scheduling order, imposing their own expert disclosure deadline of September 6, 2019. The Court will credit this disclosure deadline for purposes of this order, as the Court finds that the parties were acting in good faith, however misguided, in extending the deadline *sua sponte*. Nevertheless, Plaintiff failed to meet this extended deadline, waiting until almost two weeks later, until September 18, to provide Dr. Reynolds' expert report. Rule 37 explicitly precludes a party from relying on expert testimony that was not timely disclosed "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that Plaintiff has not established that the belated expert disclosure was either substantially justified or is harmless under the circumstances.

Plaintiff proffers no reason for the delay in providing Dr. Reynolds' expert report. To the contrary, Dr. Reynolds did not even examine Plaintiff until almost a week after the parties' September 6 disclosure deadline. In correspondence to Defendant, and on the day of the agreed-upon disclosure deadline, Plaintiff's counsel explained that Dr. Reynolds would not examine Plaintiff until September 12 and his report would be delayed. *See* Dkt. No. 44-1, Exs. B–C. Plaintiff's counsel cited "Dr. Reynolds['] availability and request for plaintiff's medical exam." *Id.*, Ex. B at 2–3. Yet Plaintiff's counsel should have anticipated that it would take time to secure an expert and that the doctor would want to examine Plaintiff in this personal injury action. Moreover, Plaintiff's fall occurred in September 2016, and this case was initially filed in August 2018. *See* Dkt. No. 2, Ex. A. Plaintiff, therefore, had years to retain Dr. Reynolds and schedule an exam.

Rather than justify the delay, Plaintiff suggests that the delay is harmless because "Plaintiff has always complained that the slip and fall caused her aggravated low back pain" as evidenced by a 2016 MRI. *See* Dkt. No. 47 at 4. Plaintiff points to her June 2019 interrogatory responses, in which she cites an "L4-5 disc protrusion causing lumbar radiculopathy" as an injury she attributes to the slip and fall at issue in this case. *See* Dkt. No. 47-1, Ex. 1 at 4. When Defendant asked Plaintiff about her injuries during her deposition, however, she testified that her pain from the fall had resolved, and her lower back was "better" and had healed over time. *See id.*, Ex. 44-1, Ex. 4

3

at 77:11–78:23. Plaintiff's orthopedic surgeon further testified during his deposition that he could not opine on whether Plaintiff would need future surgery as that would be speculative. *See id.*, Ex. G at 20:4–25. Nevertheless, Dr. Reynolds subsequently opined that Plaintiff's lower back pain would persist and would "more likely than not" require surgery in the next 10 to 20 years. *See id.*, Ex. C. He also identified a previously-undisclosed injury to her "right sacroiliac joint" from the fall. *See id.*

Defendant should not have to predict that a later-retained expert would find that Plaintiff's lower back injury persisted and would require future treatment, and that she suffered additional injuries from the fall. Rule 26 is designed to prevent such guesswork. Based on the information available to Defendant at the time, it did not seek to examine Plaintiff, and did not retain an expert to opine on any alleged future treatment. *See* Dkt. No. 44 at   The Court finds that Defendant would therefore be substantially prejudiced by Dr. Reynolds' testimony. But the Court cannot simply re-open discovery, as Plaintiff urges, to provide Defendant with the opportunity to remedy this prejudice. Doing so would significantly delay trial.

The Court heard dispositive motions in this case on October 17, and denied Defendant's motion for summary judgment on October 18. *See* Dkt. Nos. 40, 41. The parties' pretrial filings are due in less than a month; the pretrial conference is scheduled for January 21, 2020; and the jury trial is just two months away. *See* Dkt. No. 24. Plaintiff has proffered no explanation as to how the Court may re-open discovery without changing the case schedule further. The Court's scheduling order was designed to avoid such inefficiency and ensure the prompt resolution of this matter. The Court finds that Plaintiff has not met her burden of establishing that her failure to timely disclose Dr. Reynolds as an expert witness was either substantially justified or is harmless, as required under Rule 37.

## IV. CONCLUSION

The Court reiterates its concern that both parties in this case disregarded its scheduling order and Rule 16, resulting in a delayed expert disclosure and wholly avoidable "emergency" motions practice. However, Plaintiff's counsel acknowledged that it not only disregarded the Court's deadlines but also the parties' own extended disclosure deadline. In short, Plaintiff admits

4

that she did not comply with Rule 26.  Accordingly, the Court **GRANTS** Defendant's motion to exclude the testimony of Plaintiff's expert Dr. James B. Reynolds.  The Court cautions that the parties may not unilaterally alter the case schedule and will be expected to comply with all orders and deadlines to the letter moving forward.

**IT IS SO ORDERED.**

Dated:  December 2, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge